The Honorable Knox Nelson State Senator Post Office Box 5715 Pine Bluff, AR 71601
Dear Senator Nelson:
This is in response to your request for an opinion concerning the county purchasing procedures law (A.C.A. 14-22-101 et seq.) and the law governing the award of contracts for public works construction (A.C.A. 22-9-201 et seq.).
You indicate that a question has arisen due to the award of a contract, by a county in one incident and a school district in another, based upon the three percent preference under A.C.A.14-22-111. You note that this provision allows for county residency preference. You state that the county purchasing procedures law ". . . has obviously been interpreted to govern construction contracts as well as its original intended commodities." You then note that with that interpretation, two conflicting laws are being applied in connection with the award of construction contracts by the state's taxing units.
You have requested our review of these statutes and have asked for a general opinion as to their application.
In my opinion, Arkansas Code Sections 24-11-202 et seq. and22-9-201 et seq. do not, on their fact, conflict. Before addressing the applicability of those Code sections, however, initial consideration must be given to the fact, as stated in your request, that a school district awarded a contract under A.C.A.14-22-111. This Code section is part of the body of law which establishes procedures for county purchasing. County purchasing officials must follow these procedures when making purchases in excess of five thousand dollars. See A.C.A. 14-22-102 ad14-22-104. "Purchasing official" is defined under A.C.A.14-22-101(1) as "any county official, individual, board, or commission, or his or its lawfully designated agent, with constitutional authority to contract or make purchases on behalf of the county." It is thus apparent that these provisions do not extend to purchases made by school districts. (See A.C.A.6-21-303 et seq. with regard to purchases of commodities by school districts, generally.)
With regard to the application, generally, of A.C.A. 14-22-101 et seq. and 22-9-201 et seq., the distinction between these provisions is reflected in 14-22-101 and 22-9-206 (Supp. 1989). Sections 14-22-101 et seq. apply to the county's purchase of "commodities," which is defined under 14-22-101(2) as "all supplies, goods, material, equipment, machinery, facilities, personal property, and services other than personal services, purchased for or on behalf of the county."
Section 22-9-206 states in part as follows:
 (a) IN AWARDING CONTRACTS COVERED BY THE PROVISIONS OF 22-9-202 — 22-9-204, the bid of a contractor who has satisfactorily performed prior contracts, who maintains at least one (1) staffed office in this state, and who has paid taxes for not less than two (2) successive years immediately prior to submitting a bid . . . shall be deemed a better bid than the bid of a competing contractor who has not paid the taxes whenever the bid of the competing contractor is less than three percent (3%) lower. . . . (Emphasis added.) A.C.A. 22-9-206(a) (Supp. 1989).
The type of contracts governed by 22-9-206 is reflected in22-9-203 (Supp. 1989), which makes reference to "contract(s) providing for the making of major repairs or alterations, for the erection of buildings or other structures, or for making other permanent improvements. . . ." A.C.A. 22-9-203(a) (Supp. 1989). Section 22-9-203(a) also makes it clear that these provisions apply to "the state, or any agency thereof, any county, municipality, school district, or other local taxing unit."
While a factual question may arise in some instances, the language of 14-22-101 and 22-9-206 indicates that these Code sections apply, respectively, to the purchase of "commodities" on the one hand and, on the other, contracts "for the making of major repairs or alterations, for the erection of buildings or other structures, or for making other permanent improvements." The fact that "commodities" will be purchased in connection with a contract for the making of improvements will not, in my opinion, dictate the applicability of 14-22-101 et seq., if the contract falls within those governed by 22-9-203. These provisions can be reconciled, and their applicability will be determined by the particular facts in each instance.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.